IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20143-02-KHV |
| **HORACIO LARA-BANUELAS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Sentencing Adjustment (Doc. #98) filed August 3, 2009, which the Court construes as a motion to reduce sentence under 28 U.S.C. § 2255.[1]  For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On November 3, 2004, the government filed an indictment which charged Horacio Lara-Banuelas with conspiracy to possess with intent to distribute 14 kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 846.  On May 2, 2005, defendant pled guilty.  On December 20, 2005, the Court sentenced defendant to 120 months in prison.

On August 3, 2009, defendant filed a motion to reduce his sentence.  Liberally construed, defendant's motion alleges that (1) under 28 U.S.C. § 2255, his sentence should be reduced based on his deportable alien status because the Bureau of Prisons has determined that he is categorically

---

[1]  Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it.  See Castro v. United States, 540 U.S. 375, 383 (2003).  Where the motion is untimely, however, defendant is not prejudiced by lack of such notice.  See United States v. Harper, No. 06-2137, 2006 WL 3222301, at *1 (10th Cir. Nov. 8, 2006); United States v. Johnson, No. 05-1283, 159 Fed. Appx. 835, 839 (10th Cir. Dec. 14, 2005); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004).

ineligible to participate in the residential drug abuse program or to be released early to a halfway house and (2) under 28 U.S.C. § 2241, his status as a deportable alien subjects him to more severe punishment than a United States citizen in the same circumstances and therefore violates his rights under the equal protection clause of the Fifth Amendment.[2]

## Analysis

### I.     Sentencing Adjustment Claim Under 28 U.S.C. § 2255

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Section 2255 provides a one-year period of limitation for motions brought under that section. 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The Tenth Circuit has addressed similar claims and held that the equal protection claim is properly brought under 28 U.S.C. § 2241. See United States v. Tamayo, 162 Fed. Appx. 813, 815 (10th Cir. Jan. 11, 2006).

Id. Because defendant did not file a direct appeal, his conviction was final on January 6, 2006 – ten days after judgment was entered. Accordingly, his motion (filed August 3, 2009) is not timely under subsection (1). None of the other subsections of Section 2255 permit defendant to raise his claim at this time.[3]

## II.    Equal Protection Claim Under 28 U.S.C. § 2241

A motion pursuant to Section 2241 must be filed in the district where the prisoner is confined at the time of filing. See Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985). At the time of filing, defendant was incarcerated at a federal facility in Big Spring, Texas. Accordingly, the Court lacks jurisdiction to hear this claim and ordinarily would transfer it to the appropriate federal court. See Tamayo, 162 Fed. Appx. at 815. The Tenth Circuit has noted, however, that before transfer, a district court may take a "peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

Here, transfer of the case to the district where defendant is incarcerated would be a waste of judicial resources. In Tamayo, the Tenth Circuit noted that courts which have addressed the issue "have reasoned that denying deportable aliens the opportunity to participate in certain prerelease programs does not violate equal protection." Tamayo, 162 Fed. Appx. at 816. The Court therefore declines to transfer defendant's potential claim under 28 U.S.C. § 2241.

---

[3]    Defendant's claim is also procedurally barred because in the plea agreement, defendant waived his right to collaterally attack his sentence. See Plea Agreement ¶ 12. In any event, defendant's claim lacks substantive merit. See Tamayo, 162 Fed. Appx. at 815 (request for downward departure based on "collateral consequences" of status as deportable alien foreclosed by Tenth Circuit precedent; no debate whether issue should be resolved differently); United States v. Menoza-Lopez, 7 F.3d 1483, 1487 (10th Cir. 1993), overruled on other grounds by United States v. Fagan, 162 F.3d 1280 (10th Cir. 1998).

**III.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing or response by the government is required.  See <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Sentencing Adjustment</u> (Doc. #98) filed August 3, 2009, which the Court construes as a motion to reduce sentence under 28 U.S.C. § 2255, be and hereby is **OVERRULED**.

Dated this 18th day of August, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
